UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22189-BLOOM

DEAN ST BROOKLYN LLC (DE),

    Appellant,

v.

U.S. BANK NATIONAL ASSOCATION,

    Appellees.
_____/

## ORDER DISMISSING BANKRUPTCY COURT APPEAL

**THIS CAUSE** is before the Court upon an appeal from the U.S. Bankruptcy Court of the Southern District of Florida ("Bankruptcy Court"), ECF No. [13], filed on September 14, 2023. Appellee filed a Response to the Brief, ECF No. [14], to which Appellant filed a Reply, ECF No. [18]. The Court has reviewed the briefs, the record, and is otherwise fully advised. For the reasons set forth below, the Bankruptcy Court's Order is affirmed. *See* Bankruptcy Court Order, *In re: Dean St. Brooklyn, LLC,* No. 22−18042−LMI, ECF No. [79].

### I.    BACKGROUND

Appellee U.S. Bank National Association holds a first-priority security interest in the real property located at 1693 Dean Street, Brooklyn, NY 11213 (the "Property"). Specifically, Appellee holds a mortgage in the Property, dated from October 25, 2005 and recorded on November 28, 2005 in the office of the City Register of the City of New York (the "Mortgage"). The Mortgage secures a Note in the original principal amount of $340,000.00. On January 14, 2008, Appellee filed a foreclosure complaint against the original borrower under the Note and Mortgage, Patrick Haley, and other defendants in the Circuit Court for the Eighth Judicial Circuit

in and for Kings Supreme Court, Case Number: 1424/2008 (the "Foreclosure Case"). ECF No. [14] at 8.

Following commencement of the Foreclosure Case, Appellant Dean St. Brooklyn, LLC, obtained its junior interest in the Property. The Property was conveyed to Appellant by Patrick Haley, subject to the Mortgage and without Appellee's approval. On June 3, 2019, an Order Confirming Referee Report and Judgment of Foreclosure and Sale (the "Foreclosure Judgment Order") was entered against the defendants in the amount of $602,161.39. *See* Foreclosure Judgment Order, *In re: Dean St. Brooklyn, LLC,* No. 22−18042−LMI, ECF No. [47-1] at 14.[1] In 2022, Appellee moved forward with enforcing the Foreclosure Judgment Order by sale of the Property. On October 18, 2022, the sale was cancelled due to Appellant commencing the underlying Bankruptcy Case and filing a voluntary petition for relief under Chapter 11, Title 11 of the United States Code. *In re: Dean St. Brooklyn, LLC,* No. 22−18042−LMI, ECF No. [1]. This automatically stayed the sale of the Property under 11 U.S.C. § 362(a) of the Bankruptcy Code.

On March 21, 2023, Appellee filed an Amended Motion to Dismiss the Bankruptcy Case (the "Motion to Dismiss"), requesting the case's dismissal or a lift of the automatic stay. *See* Appellee's Motion to Dismiss, *In re: Dean St. Brooklyn, LLC,* No. 22−18042−LMI, ECF No. [47]. Appellant opposed the Motion. *See* Appellant's Response to the Motion to Dismiss, *In re: Dean St. Brooklyn, LLC,* No. 22−18042−LMI, ECF No. [52]. On May 17, 2023, the Bankruptcy Court held an evidentiary hearing on the Motion to Dismiss, where it heard arguments from both parties, testimony from Appellant, and considered both sides' proposed exhibits. ECF No. [7].

In that hearing, the Bankruptcy Court dismissed Appellant's Chapter 11 petition as a bad faith filing, drawing from the factors detailed in *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393

---

[1] The Bankruptcy Court's case filings in *In re: Dean St. Brooklyn, LLC*, No. 22−18042−LMI, are accessible via the Docket Sheet of the Bankruptcy Court proceeding, entered in this case at ECF No. [6].

(11th Cir.1988). ECF No. [7] at 54-59. In *In re Phoenix Piccadilly*, the Eleventh Circuit held that "there is no particular test for determining whether a debtor has filed a petition in bad faith." *Id*. at 1394. It explained that "courts may consider any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions' or, in particular, factors which evidence that the petition was filed 'to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.'" *Id.* (quoting *In re Albany Partners, Ltd*., 749 F.2d 670, 674 (11th Cir.1984)). The Eleventh Circuit held that bankruptcy courts could dismiss petitions due to the presence of "circumstantial factors which have been identified by the courts as evidencing a bad faith filing." *Id*. The factors for such a filing include the following:

> (i) The Debtor has only one asset, the Property, in which it does not hold legal title;
> (ii) The Debtor has few unsecured creditors whose claims are small in relation to the claims of the Secured Creditors;
> (iii) The Debtor has few employees;
> (iv) The Property is the subject of a foreclosure action as a result of arrearages on the debt;
> (v) The Debtor's financial problems involve essentially a dispute between the Debtor and the Secured Creditors which can be resolved in the pending State Court Action; and
> (vi) The timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights.
> *Id.* at 1394–95 ("*Phoenix Piccadilly* factors").

In the hearing, the Bankruptcy Court found that the following *Phoenix Piccadilly* factors applied to Appellant, *see* ECF No. [7] at 54-59:

- The second factor: there are no unsecured creditors, as the only creditor is Appellee.

- The third factor: the debtor has no employees.

- The fourth factor: the underlying property is the subject of a foreclosure action as a result of arrearages on the debt.

- The fifth factor: the debtor's financial problems involve essentially a dispute between the debtor and secured creditors which can be resolved in the pending state court action.

3

In addition, the Bankruptcy Court noted that Appellant, a Delaware limited liability company with its sole asset in New York, did not seek authority to do business in Florida until after the Bankruptcy Case. ECF No. [7] at 57-8. This reinforced the finding of bad faith, given that the Property and the foreclosure action were both in New York. ECF No. [7] at 57-8. The Bankruptcy Court cited to *Phoenix Piccadilly*'s proposition that "[a]lthough perhaps technically proper, the choice to file the petition so far from where the property and creditors are located may itself be evidence of bad faith." 849 F.2d at 139; ECF No. [7] at 58. Finally, after enumerating the bad-faith factors that applied, the Bankruptcy Court stated that:

> And because of the business model of the ultimate parent, Mr. Deviko, with Mr, DeRuscio as vice president, I find that not only is it appropriate to dismiss the case as a bad faith filing—and, again, I'm not making a finding of ill intent or fraud, because that's not necessary, and I want the record to make clear that I'm not finding any ill intent or fraud on behalf of Mr. Deviko, Mr. DeRuscio, or the debtor or its parents or its cousins, sisters, brothers, whatever all those other companies are, but I find that it is necessary to grant in rem relief under Section 105 because of the nature of the business model.
> ECF No. [7] at 54-59.

Accordingly, the Bankruptcy Court granted the Motion to Dismiss from the bench. ECF No. [7]. On May 30, 2023, consistent with the Bankruptcy Court's ruling at the hearing, the Bankruptcy Court entered an Order, where it: (i) granted the Motion to Dismiss; (ii) dismissed the Bankruptcy Case with prejudice for one year; (iii) terminated the automatic stay imposed by 11 U.S.C. § 362(a) as to the Property both immediately as well as prospectively for a period of one year; and (iv) ordered that Appellant is free to exercise all rights and remedies under the Deed of Trust (as defined in the Motion to Dismiss) against the Property, including the initiation or continuation of foreclosure proceedings and sale of the Property. *See* Bankruptcy Court Order, *In re: Dean St. Brooklyn, LLC,* No. 22−18042−LMI, ECF No. [79]. On September 14, 2023, Appellant timely filed this appeal.

## II. LEGAL STANDARD

### A. Jurisdiction and Standard of Review

District courts have jurisdiction to hear timely appeals of final judgments of bankruptcy judges. *See* 28 U.S.C. §§ 157(b), 158(a)(1). A bankruptcy court's legal conclusions and application of the law to the facts of a given case are reviewed *de novo*, and its factual findings for clear error. *Carrier Corp. v. Buckley (In re Globe Mfg. Corp.)*, 567 F.3d 1291, 1296 (11th Cir. 2009); *In re Club Assocs. v. Consol. Capital Realty Inv'rs (In re Club Assocs.)*, 951 F.2d 1223, 1228 (11th Cir. 1992). "Under de novo review, a Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court." *In re Mut. Ben. Offshore Fund, Ltd.*, 508 B.R. 762, 769 (S.D. Fla. 2014) (citing *Kaiser Aerospace & Elecs. Corp. v. Teledyne Indus., Inc. (In re Piper Aircraft Corp.)*, 244 F.3d 1289, 1295 (11th Cir. 2001)). Reviewing for clear error, "findings of fact are not clearly erroneous unless, in light of all of the evidence, [the reviewing court is] left with the definite and firm conviction that a mistake has been made." *Westgate Vacation Villas, Ltd. v. Tabas (Int'l Pharmacy & Discount II, Inc.)*, 443 F.3d 767, 770 (11th Cir. 2005). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985).

### B. Equitable Mootness

"Generally speaking, the doctrine of equitable mootness permits courts sitting in bankruptcy appeals to dismiss challenges (typically to confirmation plans) when effective relief would be impossible." *Bennett v. Jefferson Cnty., Alabama*, 899 F.3d 1240, 1242 (11th Cir. 2018) (citation omitted). The doctrine applies in Chapter 11 cases, such as this one.

### C. Dismissal of Bankruptcy Case for Bad Faith

Under 11 U.S.C. § 362(a), the filing of a bankruptcy petition will automatically trigger a stay stopping all acts and proceedings against the debtor and its property. "An automatic stay may be terminated for 'cause' pursuant to section 362(d)(1) of the Bankruptcy Code if a petition was filed in bad faith." *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988).[2] The Eleventh Circuit has determined that the debtor's bad faith in filing its petition for relief constitutes cause for dismissal of the bankruptcy case. *See In re Phoenix Piccadilly, Ltd*., 849 F.2d 1393, 1394 (11th Cir.1988); *Albany Partners*, 749 F.2d at 674; *Singer Furniture Acquisition Corp. v. SSMC, Inc. N.V.*, 254 B.R. 46, 51 (M.D. Fla. 2000).

### III.  DISCUSSION

#### A.  Oral Argument

Appellant requests oral argument. ECF No. [13] at 10. Appellee does not request oral argument. ECF No. [14] at 6. According to Local Rule 87.4(g) governing Bankruptcy Appeals, "[t]he setting of oral argument is within the discretion of the District Court." S.D. Fla. R. 87.4(g). The Court does not find that oral argument will enhance its consideration of the issues in this appeal.

#### B.  Equitable Mootness

Appellee states that a sale of the property is set for either January 11 or January 18, 2024, subject to the approval of the Eighth Judicial Circuit in and for Kings Supreme Court. ECF No. [14] at 12. As a result, Appellee argues that the appeal is equitably moot: the planned sale of assets was the sole purported basis for relief, and the sale has already occurred. ECF No. [14] at 12.

---

[2] Chapter 11, Section 362(d)(1) of the Bankruptcy Code specifically states:
On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

Appellant argues that there is no evidence of a planned sale in the record. ECF No. [18] at 5. Appellant contends that only cases where a foreclosure sale has already occurred can be moot. ECF No. [18] at 5. Because a sale may not occur here, Appellant argues this case is not moot. ECF No. [18] at 5.

The Court agrees with Appellant. Appellee does not append evidence to establish that the sale of property has occurred or will certainly occur. Appellee merely states that a sale *may* occur at one of two dates in January 2024. Furthermore, Appellee do not establish that effective relief would be impossible despite the sale. As a result, the Court is not presented with evidence that this appeal is equitably mooted. The Court proceeds to the merits of the case.

**C. Dismissal of Bankruptcy Case for Bad Faith**

    **1. The *Phoenix Piccadilly* Factors**

The first issue before this Court on appeal is whether a Court can find bad faith under the *Phoenix Piccadilly* factors despite finding no additional ill intent or intent of fraud from the filer. Because this is a legal question, the Court reviews it *de novo*. *See*, *e.g.*, *Carrier Corp. v. Buckley (In re Globe Mfg. Corp.)*, 567 F.3d 1291, 1296 (11th Cir. 2009).[3]

Appellant argues that the Bankruptcy Court erred because it dismissed its petition for bad faith despite declining to find additional "ill intent or fraud". ECF No. [13] at 7. Appellant relies on *Singer Furniture Acquisition Corp. v. SSMC Inc. N.V.*, 254 B.R. 46 (M.D. Fla. 2000) to allege that the Bankruptcy Court erred in finding it had acted in bad faith, despite finding no intent to

---

[3] Parties agree in a joint stipulation that the *Phoenix Piccadilly* factors have not been modified by the Bankruptcy Reform Act of 1994, and that *In re State St. Houses, Inc.* is determinative of that issue. 356 F.3d 1345, 1347 (11th Cir. 2004). There, the Eleventh Circuit held that "the guidelines set forth by this Court in *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393 (11th Cir.1988) and *In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir.1984) have not been modified by the Bankruptcy Reform Act of 1994." *In re State St. Houses, Inc.*, 356 F.3d 1345, 1347 (11th Cir. 2004). This overrides Appellee's previous argument in its Reply Brief that the *Phoenix Piccadilly* factors were modified by the Bankruptcy Reform Act of 1994. ECF No. [18] at 7. Neither Appellant nor Appellee dispute that the *Phoenix Piccadilly* factors listed by the Bankruptcy Court apply to Appellant.

abuse the judicial process. ECF No. [13] at 6. Appellee responds that there is no such intent requirement. ECF No. [14] at 11. The presence of each *Phoenix Piccadilly* factor is not required nor dispositive of a debtor's bad faith in filing. ECF No. [14] at 11. The Bankruptcy Court's findings of facts should be affirmed. ECF No. [14] at 11.

The Court agrees with Appellee and affirms the Bankruptcy Court finding of bad-faith despite finding no additional ill intent or fraud. Appellant does not cite, nor does this Court find, law to justify the proposition that an additional finding of ill intent is necessary for the dismissal of a bankruptcy case for bad faith. Contrary to Appellant's contention, *Singer Furniture Acquisition* merely reiterates the *Phoenix Piccadilly* factors. 254 B.R. 46, 51 (M.D. Fla. 2000). Rather than add an additional intent requirement, it simply restates the holding of *Phoenix Piccadilly*: that bankruptcy courts can derive an "intent to abuse the judicial process and the purposes of the reorganization provisions" from the *Phoenix Piccadilly* factors themselves.[4] This is the case even when the *Phoenix Piccadilly* factors are "circumstantial[.]" *In re Phoenix Piccadilly, Ltd.*, 849 F.2d at 1394. Moreover, "the factors set forth in *Phoenix Piccadilly* are non-exhaustive and not to be rigidly applied." *In re State St. Houses, Inc.*, 356 F.3d 1345, 1347 (11th Cir. 2004). Instead, they are guidelines for bankruptcy courts to follow in determining whether a filing was made in bad faith. The Bankruptcy Court appropriately looked to the *Phoenix Piccadilly* factors to make a finding of bad faith. Pursuant to that finding, the Bankruptcy Court properly lifted the automatic stay for cause under 11 U.S.C. § 362(d)(1) for a year.

The Bankruptcy Court did not err when it dismissed Appellant's case despite not finding additional evidence of ill intent or fraud beyond the listed *Phoenix Piccadilly* factors.

---

[4] For instance, in *Singer Furniture Acquisition*, the Court looked to the *Phoenix Piccadilly* factors and noted that some factual details in the case made it "raise a suspicious eyebrow." *Singer Furniture Acquisition Corp. v. SSMC, Inc. N.V.*, 254 B.R. 46, 52 (M.D. Fla. 2000). But it did not probe the record for additional evidence of ill intent or fraud held by the debtor.

### 2. Good Faith Factors

The second issue before this Court on appeal is whether the Bankruptcy Court erred when it did not consider good faith factors, including a proposed reorganization plan, after a finding of bad faith. Because this is a legal question, the Court reviews it *de novo*. *See, e.g., Carrier Corp. v. Buckley (In re Globe Mfg. Corp.)*, 567 F.3d 1291, 1296 (11th Cir. 2009).

Appellant argues that the Bankruptcy Court erred in not considering evidence in favor of its "good faith" in the record. ECF No. [13] at 8. In particular, Appellant asserts that the Bankruptcy Court was wrong when it "deprived Appellant of its opportunity for the court to consider its Plan of Reorganization[,]" including its financial ability to pay the whole claim. ECF No. [13] at 8. Appellant cites 11 U.S.C. § 1129(b)(2)(A)(iii) to support his contention that the Plan of Reorganization should have been confirmed. ECF No. [13] at 9. Appellant was merely trying to pay Appellee, so a finding of bad faith is unwarranted. ECF No. [18] at 9. Appellee argues that the viability of the Reorganization Plan (or lack thereof) has no bearing on the Bankruptcy Court's application of the *Phoenix Piccadilly* factors ECF No. [14] at 16. Here, the debtor is seeking to use the bankruptcy process to force the secured creditor to compromise its rights. ECF No. [14] at 17.

The Court agrees with Appellee. The Bankruptcy Court did not err when it failed to consider Appellant's Plan of Reorganization and its financial ability after finding that Appellant did not file its Chapter 11 Petition in good faith. As Appellee notes, *Phoenix Piccadilly* addressed this very situation, finding that "the prospects of a successful reorganization do not override, as a matter of law, the finding of bad faith in this case or compel, as a matter of fact, a contrary finding." *Id.* at 1393. ECF No. [14] at 17. The Eleventh Circuit subsequently clarified that:

> Section 1129 forbids a court from accepting a reorganization plan which has not been proposed in good faith. It seems unquestionable to us that the taint of a petition filed in bad faith must naturally extend to any subsequent reorganization proposal; thus, any proposal submitted by a debtor who filed his petition in bad faith would fail to meet section 1129's good faith requirement. In light of this conclusion, we

cannot say that Congress intended that a creditor's rights be delayed merely to allow the bad faith debtor to present a reorganization plan which, as a matter of law, could not be approved by the court.

*In re Nat. Land Corp.*, 825 F.2d 296, 298 (11th Cir. 1987); *see also In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984) (finding that dismissal of a petition for lack of good faith is warranted when reorganization is unrealistic and a finding of bad faith has been made).

The Bankruptcy Court did not err when it did not consider additional "good faith" factors, including Appellant's Plan of Reorganization.

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The decision of the U.S. Bankruptcy Court of the Southern District of Florida, as evidenced in the Hearing Transcript included in this case at ECF No. [7] and in the Bankruptcy Court's Order filed on May 30, 2023, *see In re: Dean St. Brooklyn, LLC,* No. 22−18042−LMI, ECF No. [79], is **AFFIRMED**.
2. This appeal is **DISMISSED**.
3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 13, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record